CLARENCE E. McMANUS, Judge.
|»On August 12, 2004, plaintiff, Teresa Mura (“Mura”) and Kara Fuoco (“Kara”) were involved in an automobile accident. At the time of the accident, Kara was driving a 2002 Mazda owned by her stepfather, Shawn Walsh. Kara’s mother, Leann Walsh, and her father, Frederick Fuoco (“Fuoco”), were divorced. Her parents had joint custody with her mother as domiciliary parent and visitation for her father.
The Mazda vehicle and Shawn Walsh, as owner, was insured by State Farm Mutual Automobile Insurance Company. On May 12, 2005, Mura filed suit against Kara, Shawn and Leann Walsh, Frederick Fuo-co, and State Farm, as the Walsh’ insurer for the Mazda. Mura then filed a First Supplemental and Amended Petition to add State Farm Mutual Automobile Insurance Company, as the insurer of Frederick Fuoco for a 2001 Lincoln LS, which was not involved in this accident.
State Farm filed a Motion for Summary Judgment arguing the policy issued to Fuoco did not provide coverage for Kara driving the 2002 Mazda since it was not a newly' acquired, temporary substitute, or non-owned vehicle. Mura filed a cross motion for summary judgment. Both motions were heard on December 6, 2006. The trial court granted State Farm’s motion in part holding that Kara was not an insured under Fuoco’s policy and denied the motion in part, without prejudice, regarding the issue of whether there was coverage for Fuoco’s vicarious liability. Mura did not appeal that judgment.
_JjMura then filed a Second Supplemental and Amended Petition for Damages adding State Farm Fire and Casualty Company, as Fuoco’s homeowner’s insurer. Thereafter, Mura settled her claim against Leann and Shawn Walsh and State Farm under the Walsh policy for policy limits. Mura dismissed her claims against the Walshes and State Farm under this policy, but reserved her rights to proceed against State Farm under the Fuoco policies.
State Farm Fire and Casualty, as Fuo-co’s homeowner’s insurer, then filed another motion for summary judgment, which was heard before the trial court on May 1, 2007. The trial court issued a judgment August 27, 2007 granting summary judgment in favor of State Farm.
Mura then filed a motion for summary judgment. State Farm Mutual Automobile Insurance Company also filed a motion for summary judgment regarding whether or not Frederick Fuoco’s State Farm auto policy for the 2001 Lincoln provided coverage for Fuoco’s vicarious liability for Kara’s use of the Mazda. These motions were heard on December 4, 2007 and on December 17, 2007, the trial court denied Mura’s motion and granted State *579 Farm’s motion, dismissing all Mura’s claims.
Mura now appeals both the judgment granting summary judgment in favor of State Farm Mutual Automobile Insurance Company dated December 17, 2007 and the judgment granting summary judgment in favor of State Farm Fire & Casualty Insurance Company dated August 27, 2007. For the reasons which follow, we affirm both judgments.

DISCUSSION

This appeal involves the granting of two motions for summary judgment.

State Farm Homeowners’ Insurance Policy

5Fuoco had a homeowners’ insurance policy with State Farm at the time of the accident. Mura claims there is coverage for her injuries under this policy because Fuoco is vicariously liable for the negligent acts of his daughter, Kara. State Farm contends there is no coverage for the claims of Mura because the policy does not provide any coverage for injuries which arise out of an automobile accident.
We agree with the trial court and find that there is no coverage for this claim under the Fuoco homeowners’ insurance policy with State Farm. First, the policy contains an automobile use exclusion and provides coverage under the policy does not apply to:
e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
(2)a motor vehicle owned or operated by or rented or loaned to any insured; or
In this case, Mura’s injuries arose out of the use of an automobile by Kara.
In addition, there is no coverage under this policy for Fuoco’s vicarious liability of any negligent acts by his daughter, Kara. The homeowners’ policy states that there is no coverage for:
f. bodily injury or property damage arising out of:
(3)any liability statutorily imposed on any insured; or
with regard to the ownership, maintenance or use of any ... motor vehicle ... which is not covered under Section II of this policy.
The vicarious liability of Fuoco, that Mura claims, is statutory liability imposed by L.S.A.-C.C. art. 2318. Therefore, a clear reading of the policy indicates there is no coverage for this vicarious liability, which is statutorily imposed.
| (¡Further, at the time of the accident, Kara was still a minor child under the joint custody of her father, Fuoco, and her mother. Under the terms of the policy, Kara herself would be considered an insured. However, even if considered to be an insured under the policy, there is no coverage for Mura’s claims because her injuries arose out of the use of an automobile.
Thus, we find no coverage for Mura’s claims against Kara and Frederick Fuoco under Fuoco’s homeowners’ insurance policy with State Farm and we find the trial court correctly granted summary judgment in favor of State Farm Fire & Casualty Company.

State Farm Automobile Insurance Policy

Mura asserts that there is coverage under Fuoco’s automobile liability policy with State Farm because the act of his daughter driving the Mazda constitutes *580 “use” by Fuoco under the policy and Fuo-co is vicariously liable for the acts of his daughter. The State Farm policy only lists Fuoco as the insured and a 2001 Lincoln LS is the only insured vehicle listed. Neither Fuoco nor the Lincoln were involved in the accident.
The State Farm policy provides that State Faxm will:
1. pay damages which an insured becomes legally liable to pay because of:
a. bodily injury to others, and
b. damage to or destruction of property including loss if its use,
caused by accident resulting from the ownership, maintenance or use of your car; and
In this case, “your car” is referring to the only vehicle listed on the policy, the Lincoln. The policy goes on to provide for coverage for the use of other cars, but liability coverage extends only to the use, by an insured, of a newly acquired car, a temporary substitute car or non-owned car.
17First, Kara is not an insured. Second, she was not using a newly acquired car, temporary substitute or non-owned car. Kara was driving a car owned by her mother and stepfather. Fuoco was the only listed insured on the policy. Therefore, we find there was no coverage for Kara or the Mazda under this policy.
Further, we find there is no coverage under this policy for any alleged vicarious liability of Fuoco for his daughter’s actions. The policy states there is coverage for “damages which an insured becomes legally liable to pay because of bodily injury to others ... caused by [an] accident resulting from the ownership, maintenance or use of your car.” As stated above, “your car” refers to the Lincoln owned by Fuoco. This accident did not result from the ownership, maintenance or use of the Lincoln.
Mura argues there is coverage because Kara’s “use” of the Mazda is the same as Fuoco’s “use” of the Lincoln since he is vicariously liable for his daughter’s actions. This is incorrect. Fuoco is the insured and he was not driving the Mazda, nor was he present or involved in the accident. Therefore, Fuoco, the insured, was not in “use” of the insured vehicle at the time of the accident and there is no coverage under this policy. Further, we find Fuoco’s vicarious liability for the acts of his daughter does not constitute “use” and is not covered under the policy.
Accordingly, we affirm the trial court’s judgments granting summary judgment in favor of both State Farm Fire & Casualty Insurance Company and State Farm Mutual Automobile Insurance Company, dismissing all claims of Mura.

AFFIRMED.

GUIDRY, J., concurs.